# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

ARIEL CRUZ CRISTOBAL and
CATHERINE MOORE CRISTOBAL,

Debtors.

Case No. J10-00293-DMD
Chapter 13

**Filed On 5/12/11**

## MEMORANDUM ON ORDER TO SHOW
## CAUSE AND MOTION FOR APPROVAL

On January 13, 2010, this court entered a stipulated order in *In re Kendall*, Case No. J09-00465-DMD. The order provided, in part, that "[e]ffective on the date of the filing of this order, Brock Weidner shall make no further chapter 13 filings without the advance approval of the court."[1] Since the entry of this order, Mr. Weidner has made chapter 13 filings in four bankruptcy cases.[2] Notwithstanding this fact, he claims that he has not violated the order. Under his view, he is blameless because these four cases were commenced under chapter 7 and the court subsequently allowed them to be converted to chapter 13. Weidner overlooks the clear intent of the order. He was to obtain "advance approval" from the court before representing chapter 13 debtors. Considering Mr Weidner's prior track record in chapter 13 cases, this requirement was reasonable. He failed to obtain

---

[1] *In re Kendall*, Case No. J09-00465, Docket No. 107.

[2] These cases were *In re Cristobal*, Case No. J10-00293-DMD; *In re Tran*, Case No. J10-00572-DMD; *In re Stewart*, Case No. J10-00664-DMD; and *In re Small*, Case No. 10-01027-DMD.

advance approval for chapter 13 representation in the four cases and thus violated the order four times.

The United States Trustee seeks sanctions of $150.00 per case, or $600.00 total, for Mr. Weidner's violation of the order. I agree a sanction is appropriate here. However, I will defer imposition of this sanction for 60 days. Further, Mr. Weidner can avoid the $600.00 sanction altogether by doing the following. He must enroll in the ABI stand-alone long distance program, "Nuts and Bolts." He shall take the General Bankruptcy Fundamentals and Consumer Bankruptcy Fundamentals options of this program, at a cost of $345.00. He shall submit evidence to the court that he has taken and paid for these courses. He shall also submit an outline, prepared personally, which summarizes the Consumer Bankruptcy Fundamentals course to the court. Simply copying the ABI book, *Bankruptcy in Practice*, will not suffice. If Mr. Weidner satisfies the foregoing conditions within 60 days, the $600.00 fine will be waived. If he does not, the fine will be imposed.

Mr. Weidner asks this court to vacate the January 13, 2010, stipulated order because he has improved his chapter 13 practices. From my perspective, it's too early to tell if this is indeed the case. By taking the ABI courses I have listed above and exhibiting a conscientious attention to detail in his future preparation of bankruptcy pleadings, Mr. Weidner could provide a basis for vacating the stipulated order in the future. I will set a

continued hearing on his motion for approval to file chapter 13 petitions on September 9, 2010, at 10:00 A.M.[3]

Finally, because the motion for approval to file chapter 13 petitions is unrelated to either the instant case or the *Kendall* case in which the stipulated order is entered, the Clerk of the Bankruptcy Court will be directed to open a miscellaneous case, which will contain a copy of the following documents:

1) The stipulated order entered in *In re Kendall*, Case No. J09-00465-DMD on January 13, 2011 (Docket No. 107);

2) Mr. Weidner's motion for approval to file chapter 13 petitions, filed February 10, 2011 (Docket No. 65), the United States Trustee's motion for order to show cause why Mr. Weidner should not be held in contempt, filed February 9, 2011 (Docket No. 62), and all subsequent pleadings relating to those two motions, which have been filed in the instant case.

A copy of this memorandum will be filed in the instant case, the *Kendall* case, and the miscellaneous case. Further, all future pleadings relating to the stipulated order, the United State's Trustee's motion for order to show cause, or Mr. Weidner's motion for approval to file chapter 13 petitions, must hereafter be filed in the miscellaneous case.

---

[3] This motion was filed in *In re Cristobal*, Case No. J10-00293-DMD (Docket No. 65).

3

DATED: May 12, 2011.

                                                      BY THE COURT

                                                      /s/ Donald MacDonald IV
                                                      DONALD MacDONALD IV
                                                      United States Bankruptcy Judge

Serve:       B. Weidner, Esq.
               K. Hill, Esq.
               L. Compton, Trustee
               U. S. Trustee

               05/12/11